# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAIYONG WANG,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security, U.S. DEPARTMENT OF HOMELAND SECURITY, PAMELA BONDI, U.S. Attorney General, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, FERITI SEMAIA, Warden of Adelanto ICE Processing Center,<br><br>　　　　　Respondents. | Case No. 5:26-cv-00453-JWH-E<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER [ECF No. 4]** |

Before the Court is the *ex parte* Application of Petitioner Caiyong Wang for a Temporary Restraining Order ("TRO") to enjoin Respondents Kristi Noem, the United States Department of Homeland Security, Pamela Bondi, the Executive Office for Immigration Review, and Fereti Semaia[1] from continuing to detain him.[2] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in response,[3] the Court **GRANTS in part** and **DENIES in part** Wang's Application, for the reasons set forth below.

## I. BACKGROUND

### A. Factual Allegations

Wang, a native and citizen of China, entered the United States with his wife and child, without inspection, on or about December 26, 2024.[4] On or about December 27, 2024, Wang was released on parole by immigration authorities on his own recognizance after the Department of Homeland Security determined that he posed no danger or flight risk.[5] Since his release, Wang has continually resided in the United States and has complied with all immigration requirements.[6] On January 2, 2025, Wang filed an application for asylum. More than a year later, on January 19, 2026, at a routine check-in, Wang was arrested

---

[1]  The Court notes that Wang names "Feriti Semaia" in his Petition, but, to the Court's knowledge, the name of the Warden of the Adelanto ICE Processing Center is "Fereti Semaia."

[2]  Pl.-Pet.'s Mot. for Temporary Restraining Order (the "Application") [ECF No. 4]

[3]  The Court considered the documents of record in this action, including the following papers: (1) Application; (2) Resps.-Defs.' Reply Notice of Application [ECF No. 8]; and (3) Pl.-Pet.'s Pet. (the "Petition") [ECF No. 1].

[4]  Petition ¶¶ 26 & 27.

[5]  *Id.* at ¶ 28.

[6]  *Id.* at ¶ 30.

and detained by immigration and customs enforcement ("ICE") officials without any notice or explanation.[7] Wang is currently detained at ICE's Adelanto Processing Center, and he has not been provided with a bond hearing despite his expressed desire for one.[8]

**B.   Procedural History**

On February 2, 2026, Wang filed both the instant Petition and the instant Application for a TRO. In his Petition, Wang seeks the following relief:

- that the Court assume jurisdiction over this matter;
- a writ of habeas corpus requiring that, within one day, Respondents release him;
- alternatively, a writ of habeas corpus requiring Respondents to release Wang unless they provide a bond hearing under 8 U.S.C. § 1226(a) within seven days;
- an award of attorney's fees and costs under the Equal Access to Justice Act, as amended, 28 U.S.C. § 2412, and on any other basis justified under law; and
- any other and further relief that this Court deems just and proper.

However, in his Application, Wang seeks a TRO ordering only the following relief:

- enjoining Respondents from incarcerating him for an open-ended time period;
- enjoining Respondents from removing him from the United States;
- enjoining Respondents from transferring him to any location outside the geographic jurisdiction of ICE's Adelanto Sub-Office, where he cannot reasonably consult with counsel; and

---

[7]   *Id.* at ¶¶ 29, 31, & 32.

[8]   *Id.* at ¶¶ 1 & 20.

- requiring Respondents to provide 72-hour advance written notice to his counsel of any intended movement or removal.

## II. LEGAL STANDARD

A TRO preserves the *status quo* and prevents irreparable harm until a hearing may be held on the propriety of a preliminary injunction. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *See Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (citations omitted). An injunction is binding only on parties to the action, their officers, agents, servants, employees, and attorneys and those "in active concert or participation" with them. Fed. R. Civ. P. 65(d)(2).

A party seeking a TRO or a preliminary injunction must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir.), *as amended* (Mar. 11, 2014) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). When the nonmoving party is a governmental entity, the last two *Winter* factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

If the court issues a TRO, it must also issue an order to show cause why a preliminary injunction should not issue. *See* L.R. 65-1.

## III. ANALYSIS

Wang argues that Respondents violated his procedural due process rights by (1) failing to provide him a bond hearing as required by 8 U.S.C. § 1226(a); and (2) re-detaining him without any notice or explanation. The Court

concludes that Wang satisfies the *Winter* factors with respect to both of his arguments and, therefore, that the issuance of a TRO is appropriate.

### A. Likelihood of Success on the Merits

Due process rights extend to noncitizens present in the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." (citation modified)). Wang fits that description.

Thus, the outstanding question is "what process is due." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). "The constitution typically requires some kind of a hearing before the State deprives a person of liberty or property, particularly because the loss of liberty cannot be fully compensated after the fact." *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *5 (N.D. Cal. Sept. 12, 2025) (citation and quotation omitted). When determining what procedures are required by Due Process, a district court applies the three-part *Mathews* test, which involves an analysis of the following: (1) "the private interest" at stake; (2) "the risk of an erroneous deprivation" without additional procedures; and "the probable value . . . of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens imposed by the additional procedures." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

#### 1. Private Interest at Stake

When determining the private interest at stake, the court looks to the degree of potential deprivation. *See Nozzi v. Hous. Auth. of City of Los Angeles*, 806 F.3d 1178, 1193 (9th Cir. 2015). Here, the degree of potential deprivation is high because Wang has been completely deprived of physical liberty. Because the degree of potential deprivation is high, this factor favors Wang.

### 2. Risk of Erroneous Deprivation

"[T]he risk of an erroneous deprivation [of liberty] is high" when the petitioner "has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). "Due Process protects against immigration detention that is not reasonably related to the legitimate purpose of effectuating removal or protecting against danger and flight risk." *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023) (citing *Zadvydas*, 533 U.S. at 690–94)). Here, Respondents took Wang into immigration custody without notice or warning after he arrived for his check-in. Compounding that lack of process, Respondents have continued to deny Wang a post-detention opportunity to contest his detention before a neutral decisionmaker. Without an initial justification for re-detention or a bond hearing on the merits, the risk of erroneous deprivation is high. Therefore, this factor favors Wang.

### 3. Government's Interest

To determine the Government's interest, the Court must look at the function involved and the fiscal and administrative burdens imposed by the additional procedures. Here, the Court finds that the Government's interest in detaining Wang without providing him with notice and a hearing is minimal because the effort and cost required to provide Wang with those procedural safeguards is minimal. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Because the Government's burden is low, this factor favors Wang.

The Court, having found that all *Mathews* factors favor Wang, concludes that procedural Due Process requires a pre-deprivation notice of the reasons for re-detention and a post-deprivation hearing on the merits before an Immigration Judge.

The Court also notes that as it and myriad other courts have held in this district, petitioners such as Wang, who are detained in the United States, are

-6-

detained pursuant to 8 U.S.C. § 1226, and, thus, they have a statutory right to a bond hearing at the outset of detention. *See, e.g.*, *Yuriana Julia Pelaez Calderon v. Kristi Noem et al.*, Case No. 5:25-cv-02633-JWH-AS (C.D. Cal. Oct. 24, 2025); *Arreola Armenta v. Noem*, Case No. 5:25-cv-02416-JFW-SP (C.D. Cal. Sept. 16, 2025); *Zaragoza Mosqueda v. Noem*, 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025); *Benitez v. Noem*, Case No. 5:25-cv-02190-RGK-AS (C.D. Cal. Aug. 26, 2025); *Arrazola-Gonzalez v. Noem*, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); *Ceja Gonzalez v. Noem*, Case No. 5:25-cv-2054-ODW-BFM (C.D. Cal. Aug. 13, 2025); and *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal. July 28, 2025). Therefore, because Wang's instant detention is governed by 8 U.S.C. § 1226, he was entitled to—but did not receive—an individualized bond hearing at the outset of his re-detention. This is an independent violation of Wang's statutory rights. Furthermore, in the event that Respondents elect to re-detain Wang with the required pre-deprivation due process, 8 U.S.C. § 1226(a)'s bond hearing requirement applies, and Respondents must provide Wang with a bond hearing at the outset of that detention.

Accordingly, because Respondents denied Wang constitutionally and statutorily required pre- and post-deprivation due process, the Court concludes that Wang is likely to succeed on the merits of his procedural Due Process claim.

**B.    Irreparable Harm**

Wang has been detained without the procedures or notice required by the Due Process Clause of the Constitution and the bond hearing required by 8 U.S.C. § 1226(a). Thus, he has been deprived of process in a manner that likely violates his constitutional rights. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). The Court finds that Wang would be immediately and

irreparably harmed by continued deprivation of his liberty without constitutionally mandated due process. *See Hernandez v. Sessions*, 872 F.3d 976, 994-95 (9th Cir. 2017) (finding that irreparable harm was likely to result from the Government's policy of not considering financial ability to pay immigration bonds); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1144-45 (9th Cir. 2013) (finding that irreparable harm was likely to result from the Government's reading of immigration detention statutes as not requiring a bond hearing for noncitizens subject to prolonged detention).

### C.   Balance of Equities and Public Interest

Because Wang challenges a policy that is likely in violation of his constitutional rights, both the equities and the public interest favor the issuance of a temporary restraining order. *See Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022) ("[N]either equity nor the public's interest are furthered by allowing violations of federal law to continue."). Furthermore, "[g]enerally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution." *Zhang v. Barr*, 612 F. Supp. 3d 1005, 1017 (C.D. Cal. 2020). Accordingly, the Court concludes that both factors weigh in favor of Wang.

Despite the Court's conclusion that Wang is likely to succeed on the merits of his claim, in his Application he does not request forthwith release nor a 8 U.S.C. § 1226(a) bond hearing. Instead, the relief that Wang requests in his Application—"enjoining Respondents from incarcerating [Wang] for an open-ended time period"—is too vague for the Court to grant. Thus, the Court **DENIES without prejudice** that portion of Wang's requested relief. The Court **GRANTS** the remainder of Wang's Application.

### IV.   DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Wang's instant Application for a TRO [ECF No. 4] is **DENIED in part** and **GRANTED in part**.

2. Respondents are **TEMPORARILY ENJOINED** from removing Wang or transferring him outside the Central District of California.

3. Respondents are **ORDERED** to **SHOW CAUSE** in writing by February 13, 2026, why the Court should not issue a preliminary injunction in this case.

4. Wang is **GRANTED** leave to file an optional reply no later than 12:00 noon on February 17, 2026.

5. A hearing on the OSC re preliminary injunction is **SET** for February 18, 2026, at 3:00 p.m. Counsel for all parties are **DIRECTED** to appear in person at that date and time in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

6. This Temporary Restraining Order shall remain in effect until the conclusion of the hearing on February 18, 2026.

**IT IS SO ORDERED.**

Dated: February 9, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE